CV 14 - 01376

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 28 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

KENDALL WRIGHT,

                    Plaintiff,

        -against-

CITY OF NEW YORK, JUSTIN DELMONICO, Individually,
STEPHEN RINALDI, Individually, BRIAN DEPALO,
Individually, UNDER COVER OFFICER 209, Individually,
BRYAN MULLADY, Individually, WILLIAM LOGAN,
GILBERT ALTRECHE, Individually, TIMOTHY ERWIG,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                    Defendants,

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

GARAUFIS, J.

ORENSTEIN, M.J.

        Plaintiff KENDALL WRIGHT, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims related to the events described below as Incident Two.

## **JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff KENDALL WRIGHT is a thirty-one year old African American man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JUSTIN DELMONICO, STEPHEN RINALDI, BRIAN DEPALO, UNDER COVER OFFICER 209, BRYAN MULLADY, WILLIAM LOGAN, GILBERT ALTRECHE, TIMOTHY ERWIG, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    This action arises from the defendants' successive violations of plaintiff's civil rights on March 1, 2011 (referred to herein as "Incident One") and March 13, 2012 (referred to herein as "Incident Two").

**Incident One**

13.    On March 1, 2011, at approximately 3:50 p.m., plaintiff exited his home, located at 418 Chester Street, Brooklyn, New York, and observed officers including but not limited to JUSTIN DELMONICO chasing after two individuals.

14.    Plaintiff was a lawful pedestrian at said location laughed after observing the officers chase said individuals. Plaintiff did nothing to impede the officers' efforts to apprehend the individuals.

15.    In response to plaintiff's laughter, two officers approached plaintiff and one officer stated in sum and substance, what are you laughing for.

16.    Plaintiff responded in sum and substance, because he got away. I can laugh.

17.    The defendant officer then said, you are getting locked up and grabbed plaintiff, pushed him into a wall, and placed handcuffs on his wrists.

18.    The defendants searched plaintiff, and imprisoned plaintiff in a police vehicle.

19.    Defendant STEPHEN RINALDI, who held a supervisory rank of sergeant, was present at the scene of plaintiff's arrest and either directly participated in the above events or

3

failed to intervene despite a responsibility to do so.

20.     The defendant officers then transported plaintiff to an NYPD precinct stationhouse and imprisoned him therein.

21.     The defendant officers imprisoned plaintiff until March 2, 2011, when plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number 2011KN016665; said charges having been filed based on the false allegations of defendant DELMONICO that, on March 1, 2011, plaintiff had obstructed governmental administration, resisted arrest, and acted disorderly.

22.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to retaliate against plaintiff for his lawful action and statements.

23.     Defendant DELMONICO created and manufactured false evidence against plaintiff which he conveyed to the Kings County District Attorney's Office, who used same against him.  Specifically, defendant DELMONICO swore to false allegations that plaintiff had had obstructed governmental administration, resisted arrest, and acted disorderly.

24.     In addition to defendants DELMONICO and RINALDI, other NYPD officers were present and participated in plaintiff's arrest or were present for his arrest but failed to intervene in the illegal conduct described herein.

**Incident Two**

25.     On March 13, 2012, plaintiff was at his home, located at 318 Chester Place, Brooklyn, New York when detectives including but not limited to GILBERT ALTRECHE and TIMOTHY ERWIG arrested plaintiff without probable cause.

4

26.    Upon information and belief, defendants ALTRECHE and ERWIG personally transported plaintiff to an NYPD precinct stationhouse and imprisoned him therein.

27.    Plaintiff was arrested based on false allegations that on four separate dates in July 2010, plaintiff had sold narcotics to UNDER COVER OFFICER 209.

28.    The defendant officers imprisoned plaintiff until March 15, 2011, when plaintiff was arraigned in Kings County Criminal Court on said false charges which were filed under indictment number 1976/2012; said charges having been filed based on the false allegations of detectives BRIAN DEPALO, UNDER COVER OFFICER 209, and BRYAN MULLADY, and sergeant WILLIAM LOGAN.

29.    Defendants DEPALO, UNDER COVER OFFICER 209, MULLADY, and LOGAN created and manufactured false evidence against plaintiff which defendants conveyed to the Kings County District Attorney's Office, who used same against plaintiff in the criminal proceeding lodged against him.

30.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their false arrest of plaintiff.

31.    As a result of the defendants' false allegations, bail was set on plaintiff's criminal case and plaintiff was causing him to be imprisoned on Rikers Island for approximately three and one-half months.

32.    As a result of the defendants' false claims, plaintiff was compelled to return to court on numerous occasions until December 19, 2012, on which date the Honorable Mark Dwyer dismissed all charges against plaintiff.

33.    Defendant LOGAN, who held the supervisory rank of sergeant, directly

5

participated in the investigation leading up to plaintiff's arrest and approved of, oversaw, and otherwise presided over the arrest and prosecution of the plaintiff.

34.     Defendants DEPALO, UNDER COVER OFFICER 209, MULLADY, LOGAN, ALTRECHE, ERWIG and JOHN and JANE DOE 1 through 10 directly participated in plaintiff's arrest and/or the investigation leading up to his arrest, or failed to intervene in said arrest despite a meaningful opportunity to do so.

**As to Incidents One and Two**

35.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a practice of disproportionately stopping and arresting individuals due to discrimination against them based on their race and/or nationality.

36.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, arrest individuals due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification to cover up their abuse of authority.

37.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

38.     Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39.     As a result of the foregoing, plaintiff KENDALL WRIGHT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.     All of the aforementioned acts deprived plaintiff KENDALL WRIGHT, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

7

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants arrested plaintiff KENDALL WRIGHT on March 1, 2011 and March 13, 2012 without probable cause, causing him to be detained against his will for extended periods of time and subjected to physical restraints.

49.     Defendants caused plaintiff KENDALL WRIGHT to be falsely arrested and unlawfully imprisoned.

50.     As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    The defendants in Incident Two initiated, commenced, and continued malicious prosecution against plaintiff KENDALL WRIGHT.

53.    Defendants caused plaintiff KENDALL WRIGHT to be prosecuted without any probable cause until the charges were dismissed on or about December 19, 2012.

54.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    The defendants in Incident One and Two created false evidence against plaintiff KENDALL WRIGHT.

57.    Defendants utilized this false evidence against plaintiff KENDALL WRIGHT in legal proceedings.

58.    As a result of defendants' creation and use of false evidence, plaintiff KENDALL WRIGHT suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

59.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants issued criminal process against plaintiff KENDALL WRIGHT by causing his arrests and arraignments in Kings County Criminal Court.

62.     Defendants caused plaintiff KENDALL WRIGHT to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

63.     As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The defendants falsely arrested and maliciously prosecuted plaintiff KENDALL WRIGHT because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

10

66.    As a result of the foregoing, plaintiff KENDALL WRIGHT was deprived of his rights under the Equal Protection Clause of the United States Constitution.

67.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

68.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.    Defendants had an affirmative duty to intervene on behalf of plaintiff KENDALL WRIGHT, whose constitutional rights were being violated in their presence by other officers.

70.    The defendants failed to intervene to prevent the unlawful conduct described herein.

71.    As a result of the foregoing, plaintiff KENDALL WRIGHT'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

72.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

73.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

11

paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

75.     As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KENDALL WRIGHT' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF

NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KENDALL WRIGHT.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KENDALL WRIGHT as alleged herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KENDALL WRIGHT as alleged herein.

82.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KENDALL WRIGHT was unlawfully arrested and maliciously prosecuted.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KENDALL WRIGHT' constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiff KENDALL WRIGHT of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

D.    To be free from malicious prosecution;

E.    To be free from deprivation of his right to fair trial;

F.    To be free from malicious abuse of process; and

G.    To receive equal protection under law.

85.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Within ninety (90) days after the claim related to Incident Two accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants arrested plaintiff KENDALL WRIGHT on March 13, 2012 without probable cause.

93.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

94.     As a result of the aforementioned conduct, plaintiff KENDALL WRIGHT was unlawfully imprisoned in violation of the laws of the State of New York.

95.     As a result of the aforementioned conduct, plaintiff KENDALL WRIGHT suffered physical discomfort and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

96.     As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     As a result of Incident Two, plaintiff KENDALL WRIGHT was placed in apprehension of imminent harmful and offensive bodily contact.

99.     As a result of defendant's conduct, plaintiff KENDALL WRIGHT has suffered

15

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.   As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

101.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

102.   Defendants made offensive contact with plaintiff KENDALL WRIGHT on March 13, 2012 without privilege or consent.

103.   As a result of defendants' conduct, plaintiff KENDALL WRIGHT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.   As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

105.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

106.   The Incident Two defendants initiated, commenced and continued a malicious

prosecution against plaintiff KENDALL WRIGHT.

107.    Defendants caused plaintiff KENDALL WRIGHT to be prosecuted without probable cause until the charges were dismissed on or about December 19, 2012.

108.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

109.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    The Incident Two defendants issued criminal process against plaintiff KENDALL WRIGHT by causing him to be arrested, arraigned and prosecuted in criminal court.

111.    Defendants caused plaintiff KENDALL WRIGHT to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

112.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

17

paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    The aforementioned conduct related to Incident Two was extreme and outrageous, and exceeded all reasonable bounds of decency.

115.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

116.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

117.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KENDALL WRIGHT.

118.    As a result of the aforementioned conduct, plaintiff KENDALL WRIGHT suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

119.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the March 13, 2012 arrest, and ensuing prosecution of plaintiff KENDALL WRIGHT.

122.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

123.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the March 13, 2012 arrest and ensuing prosecution of plaintiff KENDALL WRIGHT.

126.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
<u>(Negligence under the laws of the State of New York)</u>

127.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein related to Incident Two.

129.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
<u>(*Respondeat Superior* liability under the laws of the State of New York)</u>

130.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein related to Incident Two.

132.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

20

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

133.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    As a result of defendants' conduct, plaintiff KENDALL WRIGHT was deprived of his right to equal protection of laws.

135.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

136.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    As a result of defendants' conduct, plaintiff KENDALL WRIGHT was deprived of his right to security against unreasonable searches, seizures, and interceptions.

138.    As a result of the foregoing, plaintiff KENDALL WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KENDALL WRIGHT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 28, 2014

                              LEVENTHAL & KLEIN, LLP
                              Attorneys for Plaintiff KENDALL WRIGHT
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By: _____
                                   BRETT H. KLEIN (BK 4744)